UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREEA LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BOARD OF TRUSTEES OF GOVERNOR ) | |
| STATE UNIVERSITY; and MICHAEL ) | |
| HORVATH, EDD BOCKMAN, In Their ) | |
| Individual and Official Capacities, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, ANDREEA LEONARD, by and through his attorney, Nina R. Gougis, and as and for her Complaint and Demand for Jury Trial, states as follows:

1. This action is brought pursuant to Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000e, *et. seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; and the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et. seq.*

2. LEONARD filed two charges with the Illinois Department of Human Rights, further identified as IDHR Charge No. 2022CF1169/EEOC Charge No. 20563 and IDHR Charge No. 2022CN1170. The charges alleged sex-based discrimination, race-based discrimination, and unlawful retaliation. Plaintiff received a Notice of Opt Out of the Investigative and Administrative Process and Right to Commence an Action in Circuit Court or Other Appropriate Court of Competent Jurisdiction, and Order of Administrative Closure, dated June 30, 2022. The Orders are attached hereto as **Exhibit A**.

3. The Orders allowed her 95 days, or until October 3, 2022, to file a lawsuit in state of federal court. As such, this lawsuit is timely filed.

## PARTIES

4. ANDREEA LEONARD (hereinafter "Leonard" or "Plaintiff") resides in Chicago, Illinois. LEONARD is a Black woman.

5. The BOARD OF TRUSTEES OF GOVERNOR STATE UNIVERSITY (hereinafter the "Board" or "GSU") is the governing board of Governor State University, a public university with the capacity to sue and be sued in this Court. Its principal office is located in University Park, Illinois.

6. At all times relevant to this Complaint, GSU employed LEONARD.

7. GSU originally hired LEONARD as an adjunct professor in the College of Business. Beginning on June 1, 2020, GSU also employed LEONARD as Information Technology Support Associate.

8. At all times relevant to this Complaint, LEONARD was one of two Black women employed in GSU's IT department.

9. Upon information and belief, Defendant MICHAEL HORVATH (hereinafter "HORVATH") is a resident of the State of Illinois. At all times relevant to this Complaint, HORVATH, upon information and belief, was employed by GSU as the IT Manager. At all times relevant to this Complaint, HORVATH was LEONARD's immediate supervisor. At all times relevant to this Complaint, HORVATH acted under color of state law. HORVATH is a White man.

10. Upon information and belief, Defendant EDD BOCKMAN (hereinafter "BOCKMAN") is a resident of the State of Illinois. At all times relevant to this Complaint, BOCKMAN was employed by GSU as the Director of GSU's IT Department. At all times relevant

to this Complaint, BOCKMAN was HORVATH's immediate supervisor. At all times relevant to this Complaint, BOCKMAN acted under color of state law. BOCKMAN is a White man.

## STATEMENT OF FACTS

11. LEONARD began working for GSU as an IT Support Associate on June 1, 2020.

12. As an IT Support Associate, some of LEONARD's primary job duties included the following: provided in user support for the faculty, staff, and students at GSU; managed the GSU computer lab operations, including being the contact person/trainer for students; and managed projects such as the laptop loaner program at GSU.

13. In October of 2020, LEONARD received an outstanding performance review.

14. At all times relevant to this Complaint, LEONARD met and exceeded GSU's legitimate business expectations while serving in the IT Support Associate position.

15. From June 1, 2020, to June 1, 2021, BOCKMAN subjected LEONARD to a hostile work environment and subjected her to numerous adverse employment actions, including without limitation, the following:

   a. Communicated with LEONARD in the hostile, derogatory, and dismissive manner;
   b. Publicly humiliated LEONARD during staff meetings on multiple occasions;
   c. Falsely accused LEONARD of misconduct on multiple occasions;
   d. Subjected LEONARD to increased job scrutiny;
   e. Raised his voice to LEONARD and shushed her in front of staff;
   f. Issued a unwarranted negative performance evaluations to LEONARD; and
   g. Demeaned LEONARD in front of staff and HORVATH.

16. Both HORVATH and BOCKMAN subjected LEONARD to a hostile work environment until her resignation from the IT Support Associate position on or about June 1, 2021.

17. In March of 2021, LEONARD notified HORVATH of the unfair and discriminatory treatment she suffered at the hands of BOCKMAN. LEONARD made subsequent complaints to HORVATH about BOCKMAN's behavior. LEONARD's complaints to HORVATH were not adequately addressed and were largely ignored.

18. On April 9, 2021, BOCKMAN issued an unwarranted performance review to LEONARD with no substantiating documentation or information. BOCKMAN refused to provide LEONARD specific examples of ways in which BOCKMAN believed LEONARD's work was deficient or offer possible areas of improvement

19. On or around April 13, 2021, LEONARD met with Sandra Marak, Director of GSU's human resources department. LEONARD again reported discriminatory and unfair treatment she suffered. LEONARD also reported the retaliation she experienced for making her previous complaints of discrimination and unfair treatment. LEONARD's reports to Ms. Marak were not adequately addressed and were largely ignored.

20. On or around April 27, 2021, LEONARD met with Therese Nohos, who was then the Vice President of GSU's human resources department. LEONARD again reported discriminatory and unfair treatment she suffered. LEONARD also reported the retaliation she experienced for making her previous complaints of discrimination and unfair treatment. LEONARD's reports to the Ms. Nohos were not adequately addressed and were largely ignored.

21. LEONARD was given another negative performance review on or around May 25, 2021.

22. Similarly situated non-Black employees were treated more favorably in that they were not subject to the adverse employment actions outlined in paragraph 15 and were not subjected to hostile work environment.

23. Additionally, similarly situated non-Black employees were treated more favorably in that LEONARD was held to a much higher work standard.

24. Additionally, similarly situated male employees were treated more favorably in that LEONARD was held to a much higher work standard.

25. For example, on or around April 8, 2021, HORVATH contacted her to let her know that she had seven out of 590 tickets that were not up to date or did not have updated statuses/comments in them. LEONARD addressed this issue prior to the end of that business day and communicated that to HORVATH. However, LEONARD was still penalized in her April 2021 performance review. Similarly situated non-Black and male employees were not penalized for similar conduct and were held to a much lower standard than LEONARD.

26. LEONARD's working conditions are so intolerable that a reasonable person in her position would feel compelled to resign.

27. LEONARD's work conditions were so intolerable that she was compelled to resign. LEONARD resigned from her IT Support Associate position on or around June 1, 2021.

### COUNT I – RACE-BASED DISCRIMINATION
*Title VII of the Civil Rights Act of 1964,* **42 U.S.C. § 2000e,** *et. seq.*

28. Paragraphs 1-27 are re-alleged and incorporated herein by reference.

29. LEONARD met and exceeded the Defendants' legitimate business expectations.

30. LEONARD suffered the above-outlined adverse employment actions.

31. Similarly situated non-Black employees were treated more favorably.

32. Such actions constitute a race-based discrimination, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e, *et. seq.*

### COUNT II – RACE-BASED DISCRIMINATION
### 42 U.S.C. § 1981, 42 U.S.C. § 1983

33. The foregoing paragraphs 1-32 are re-alleged and incorporated herein by reference.

34. Defendants intentionally discriminated against LEONARD based on race.

35. Such actions constitute unlawful discrimination, in violation of 42 U.S.C. § 1981.

36. The individuals Defendants all acted under color of state law and were personally involved and played a role in the deprivation of LEONARD's constitutional rights and, therefore, should be held personally liable.

37. GSU has a practice or custom of racial discrimination that, although not officially authorized, is widespread and well settled as to constitute a custom or usage with the force of law.

### COUNT IV – SEX-BASED DISCRIMINATION
*Title VII of the Civil Rights Act of 1964,* **42 U.S.C. § 2000e,** *et. seq.*
### Against the County and Health Department

38. Paragraphs 1-37 are re-alleged and incorporated herein by reference.

39. Such actions constitute a sex-based discrimination, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e, *et. seq.*

### COUNT V – UNLAWFUL RETALIATION
*Title VII of the Civil Rights Act of 1964,* **42 U.S.C. § 2000e,** *et. seq.*

40. Paragraphs 1-39 are re-alleged and incorporated herein by reference.

41. Such actions constitute unlawful retaliation, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e, *et. seq.*

### COUNT VI – UNLAWFUL RETALIATION
### 42 U.S.C. § 1981, 42 U.S.C. § 1983
### Against All Defendants

42. The foregoing paragraphs 1-41 are re-alleged and incorporated herein by reference.

43. Such actions constitute unlawful retaliation, in violation of 42 U.S.C. § 1981.

### COUNT VIII – RACE-BASED DISCRIMINATION
### *Illinois Human Rights Act,* 775 ILCS 5/2-101, *et. seq*
### Against the County and Health Department

44. Paragraphs 1-43 are re-alleged and incorporated herein by reference.

45. LEONARD met and exceeded the Defendants' legitimate business expectations.

46. LEONARD suffered the above-referenced adverse employment actions.

47. Similarly situated non-Black employees did not suffer the same adverse employment actions LEONARD did and, therefore, were treated more favorably.

48. Such actions constitute a race-based discrimination, in violation of the *Illinois Human Rights Act, 775 ILCS 5/2-101, et. Seq.*

### COUNT IX – SEX-BASED DISCRIMINATION
### *Illinois Human Rights Act,* 775 ILCS 5/2-101, *et. seq*

49. Paragraphs 1-48 are re-alleged and incorporated herein by reference.

50. LEONARD met and exceeded the Defendants' legitimate business expectations.

51. LEONARD suffered several adverse employment actions, outlined above.

52. Similarly situated male employees were treated more favorably.

53. Such actions constitute a sex-based discrimination, in violation of the *Illinois Human Rights Act, 775 ILCS 5/2-101, et. Seq.*

### COUNT X – UNLAWFUL RETALIATION
### *Illinois Human Rights Act,* 775 ILCS 5/2-101, *et. Seq*
### Against the County and Health Department

54. Paragraphs 1-53 are re-alleged and incorporated herein by reference.

55. LEONARD engaged in statutorily protected activity by making multiple complaints of discrimination and retaliation.

56. LEONARD met and exceeded the Defendants' legitimate business expectations.

57. LEONARD suffered several adverse employment actions, outlined above.

58. LEONARD was treated less favorably then similarly situated employees who did not engage in protected activity.

59. Such actions constitute unlawful retaliation, in violation of the *Illinois Human Rights Act, 775 ILCS 5/2-101, et. seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREEA LEONARD, requests that Court award her the following relief:

(a) That the Defendants, upon trial by jury, be adjudicated to have violated the Plaintiff's rights under Title VII of the *Civil Rights Act of 1964*, 42 U.S.C. § 2000e, *et. seq.*; 42 U.S.C. § 1981; the First Amendment of the U.S. Constitution; 42 U.S.C. § 1983; and the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et. seq.*;

(b) That Plaintiff be awarded compensatory damages (including without limitation front pay and back pay), and all other benefits, and/or other appropriate relief to which she is entitled by virtue of Defendants' violations;

(c) That Defendants MICHAEL HORVATH and EDD BOCKMAN be ordered to pay Plaintiff punitive damages;

(d) That Plaintiff be awarded prejudgment interest on the above damages;

(e) That Plaintiff be awarded reasonable attorneys' fees, costs and litigation expenses incurred in this lawsuit, with interest thereon; and

(f) That Plaintiff be awarded any such other and further relief deemed just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

        Respectfully Submitted,

        ANDREEA LEONARD, Plaintiff,

        By: /s/ Nina R. Gougis
            Attorney for Plaintiff

Law Office of Nina R. Gougis
524 Court Street
Pekin, Illinois 61554
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com

**Exhibit A**

## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

| | | |
|---|---|---|
| ANDREAA LEONARD, | ) | |
| | ) | |
| COMPLAINANT, | ) CHARGE NO. | 2022CF1169 |
| AND | ) EEOC NO. | 21BA20563 |
| | ) | |
| GOVERNORS STATE UNIVERITY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

### NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE

**For Complainant**

Andreaa Leonard
7915 S. Indiana Ave
Chicago, IL 60619

**For Respondent**

Chief Executive Officer
Governors State University
1 University Parkway
University Park, IL 60484

**Date Perfected Charge Filed:** Apr 22, 2022        **Date Opt Out Request Filed:** Jun 16, 2022

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified below.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON  June 30, 2022

DEPARTMENT OF HUMAN RIGHTS

BY: _____

Brent A. Harzman, Director
Charge Processing Division

Notice of Opt Out. Right & Order Adm.
Closure D/P 01/01/2020

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss | |
| COUNTY OF COOK | ) | CHARGE NO. 2022CF1169 |

## AFFIDAVIT OF SERVICE

Osmin Villalpando, deposes and states that s/he served a copy of the attached **NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE** on each person named below by depositing the same on June 30, 2022, in the U.S. Mail Box at 555 West Monroe Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

**For Complainant**

Andreaa Leonard
7915 S. Indiana Ave
Chicago, IL 60619

**For Respondent**

Chief Executive Officer
Governors State University
1 University Parkway
University Park, IL 60484

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

*/s/ Osmin Villalpando*

**PLEASE NOTE:**

The above-signed person is responsible only for **mailing** these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:

ANDREAA LEONARD,                    )
                                    )
                                    )
                 COMPLAINANT,       )   CHARGE NO.      2022CN1170
AND                                 )   EEOC NO.        N/A
                                    )
EDD BOCKMAN,                        )
                                    )
                                    )
                                    )
                                    )
                 RESPONDENT.        )

**NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE**

For Complainant

Andreaa Leonard
7915 S. Indiana Ave
Chicago, IL 60619

For Respondent

Edd Bockman
Governors State University
1 University Parkway
University Park, IL 60484

**Date Perfected Charge Filed:** Apr 22, 2022          **Date Opt Out Request Filed:** Jun 17, 2022

YOU ARE HEREBY NOTIFIED that pursuant to Section 7A-102(C-1) of the Illinois Human Rights Act (775 ILCS 5/7A-102(C-1)), Complainant having filed a written request to opt out of the Illinois Department of Human Rights' investigation and administrative processing of the above-captioned charge, the IDHR issues this Notice of Opt Out of the Investigative and Administrative Process, and the Right of Complainant to Commence an Action in the Circuit Court or other appropriate court of competent jurisdiction within 95 days from the date of this Notice and Order, as identified below.

- Complaint filed and serve a copy of the complaint to the Department and Respondent on the same date that the complaint is filed with the circuit court or other appropriate court of competent jurisdiction.
- Complainant may not file or refile a substantially similar charge with the Department arising from the same incident of unlawful discrimination or harassment.

NOW, THEREFORE, it is further hereby ORDERED that the Department cease the investigation and administratively close the charge of civil rights violation(s).

ENTERED ON  June 30, 2022

DEPARTMENT OF HUMAN RIGHTS

BY: _____

Brent A. Harzman, Director
Charge Processing Division

Notice of Opt Out. Right & Order Adm.
Closure D/P 01/01/2020

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) ss | |
| COUNTY OF COOK ) | CHARGE NO. 2022CN1170 |

## AFFIDAVIT OF SERVICE

Osmin Villalpando, deposes and states that s/he served a copy of the attached **NOTICE OF OPT OUT OF THE INVESTIGATIVE AND ADMINISTRATIVE PROCESS, RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT OR OTHER APPROPRIATE COURT OF COMPETENT JURISDICTION, AND ORDER OF ADMINISTRATIVE CLOSURE** on each person named below by depositing the same on June 30, 2022, in the U.S. Mail Box at 555 West Monroe Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

**For Complainant**

Andreaa Leonard
7915 S. Indiana Ave
Chicago, IL 60619

**For Respondent**

Edd Bockman
Governors State University
1 University Parkway
University Park, IL 60484

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_Osmin Villalpando_

**PLEASE NOTE:**

The above-signed person is responsible only for <u>mailing</u> these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.